Connon, Richard F., J.
This was an action that was commenced by the plaintiff seeking judicial review of the requirement that he provide to the said Veteran’s Services a general release form.
BACKGROUND
The plaintiff Francis Hurrie, who was a resident of Barnstable, Massachusetts, applied for and was approved for veteran’s benefits in 1999. He was disabled because of a heart attack and a surgical procedure and suffers from a cardiovascular disease. In the spring of 2000, an agent for the Department of Veteran’s Services requested that Mr. Hurrie sign a release form which would authorize any third party to release information to the District Department of Veteran’s Services. The plaintiff Mr. Hurrie refused to sign the release, as he felt it was over broad. On June 22nd of 2000, the Veteran’s Services notified Mr. Hurrie that his assistance would be suspended because of his failure to sign the release form. On September 1st of 2000, the plaintiff appealed the hearing officer’s decision to the Division of Administrative Law Appeals (DALA). Because the plaintiff was dependent upon the benefit, he signed the releases on September 12th of 2000, reserving his right to preserve his appeal and to revoke the release or have it voided if he prevailed. The complaint was initially dismissed by the hearing officer as the case was moot. However, Mr. Hurrie had filed a complaint for judicial review of said dismissal and the Court, Kane J., ruled that DALA committed error of law in dismissing the appeal as moot. The Court further ruled that “It appears that Mr. Hurrie’s challenge reasonably questions the Departments authority to command release of information broader than the scope of information the Departments regulations authorize.” Ajudgment was entered on November 26th of 2001 annulling DALA’s dismissal of the appeal and re-opened the appeal on August 20th of 2002. The parties submitted on stipulated facts and, on January 14th of 2004, DALA magistrate issued a decision denying Mr. Hurrie’s appeal and Mr. Hurrie now appeals under the provisions of G.L.c. 30A, §14 for judicial review, The plaintiff is now seeking that the hearing officer committed errors of law by ruling that Mr. Hurrie’s refusal to sign the release justified the suspension of veteran benefits and that the decision is otherwise in violation of constitutional provisions in excess of the Department’s authority or jurisdiction, and, based upon error of law made upon unlawful procedure unsupported by substantial evidence, is arbitrary, capricious and an abuse of the Department’s discretion.
DISCUSSION
Under the provisions of G.L.c. 30A, §14, this Court may not set aside the agency’s decision unless it is (a) in violation of a constitutional provision, (b) in excess of its authority, (c) based on error of law, (d) made upon unlawful procedure, (e) unsupported by substantial evidence, (f) unwarranted by the facts on the record, or (g) arbitrary and capricious and an abuse of discretion or otherwise not in accordance with law Subsection 7 of Section 14. The plaintiff here bears the burden of demonstrating that the decision of the agency is invalid, and judicial review of the DALA decision under Chapter 30A is not a de novo hearing, but is limited to the standards set forth under Subsection 7 of Section 14, and the Court is confined to the record of the administrative proceedings. In this regard, the Court is required to give due weight to the experience, the technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it. Flint v. The Commissioner of Public Welfare, 412 Mass. 416 (1992). Agency decisions enjoy a presumption of validity, and the burden to establish invalidity is on the challenging party. And the Court, “may not displace an administrative board’s choice between two fairly conflicting views, even though the Court would justifiably have made a different choice had the matter been before it de novo.” Southern Worcester County Regional Vocational School District v. Labor Relations Commission, 386 Mass. 414 (1982).
Under G.L.c. 115, §2, the Commissioner of Veteran Services shall assist and advise veterans agents in the performance of their duties, to investigate, so far as the interests of the Commonwealth require, all payments of veteran’s benefits, prepare papers and expedite the adjudication of claims, assist claimants in proving their cases, keep a record of work done in his office, and make an annual report. The Commissioner’s authority is unlimited and he is entitled to investigate a veteran’s eligibility on a periodic basis and in doing so has the inherent right to request that the veteran sign a release of information form which would authorize any and all persons and agencies to release to the District Department of Veteran’s Services any and all information necessary for eligibility for veteran’s benefits as the release form itself is limited in its scope. Under 108 CMR, Section 8.01(2) *406 is entitled “Sources of Information” and lists various resources where the Department may investigate the veteran’s eligibility and need for benefits.
Therefore, the Defendant’s Motion for Judgment on the Pleadings is ALLOWED.